**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4899**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LONNIE WILLIAM CRISP,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:94-cr-00044-GRA-1)

———————————

Submitted:  January 24, 2011          Decided:  February 24, 2011

———————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Benjamin  T.  Stepp,  Assistant  Federal  Public  Defender,
Greenville,  South  Carolina,  for  Appellant.   William  Norman
Nettles,  United  States  Attorney,  David  Calhoun  Stephens,
Assistant  United  States  Attorney,  Columbia,  South  Carolina,  for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie William Crisp appeals his revocation of supervised release and forty month sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal. We affirm.

Crisp was convicted in 1994 of two counts of armed bank robbery in violation of 18 U.S.C. § 2113 (1988) and sentenced to 200 months' imprisonment and five years' supervised release. His term of supervision commenced in June 2008. In 2009, Crisp pled no contest in state court to kidnapping, carjacking, and assault charges — a grade A supervised release violation. He was sentenced to four years' imprisonment on the state charges, with instructions that he be able to serve the sentence concurrent with any federal sentence on the supervised release violation.

Crisp contested the basis of the charges against him at his supervised release revocation hearing, though he admitted that he pled no contest. Although Crisp requested that he begin serving his supervised release violation sentence immediately, the district court revoked supervised release and imposed a forty month sentence to be served consecutive to his state sentence.

2

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," the court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2009) factors relevant to a supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 440. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence

3

imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439.

Here, we have reviewed the record and conclude that the district court did not impose an unreasonable sentence, let alone one that is plainly so. Crisp received a sentence within the Guidelines range for his offense and the court offered an adequate explanation to preserve the sentence upon appellate review. Furthermore, we note that the Guidelines explicitly instruct a district court to impose a consecutive sentence for a supervised release violation, even where the same conduct forms the basis for both the underlying sentence and the supervised release violation sentence. See U.S. Sentencing Guidelines Manual § 7B1.3(f) (2009).

In accordance with Anders, we have reviewed the record and conclude that there are no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Crisp in writing of his right to petition the Supreme Court of the United States for further review. If Crisp requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

4

Crisp. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED